UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| AAA JEWELERS INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant. | Case No. 22-00105 |

COMPLAINT

Plaintiff, AAA Jewelers Inc. ("AAA Jewelers"), through its undersigned counsel, for its Complaint against Defendant, the United States of America, does hereby state and allege as follows:

CAUSE OF ACTION

1. Plaintiff commenced this action on April 5, 2022, pursuant to 19 U.S.C. § 1515, and 19 CFR § 174.31, seeking judicial review of U.S. Customs & Border Protection ("CBP") denial of Plaintiff's protest concerning eligibility as duty free originating goods under the U.S.-Oman Free Trade Agreement of certain jewelry clad with precious metal, namely gold necklaces and other jewelry ("Subject Merchandise"); to wit, CBP's classification under the Harmonized Tariff Schedule of the United States ("HTSUS") and liquidation.

JURISDICTION

2. This Court has exclusive subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1581(a).

3. All liquidated duties, taxes, and fees were paid prior to the commencement of this action.

## STANDING

4. Plaintiff is the importer of record of the Subject Merchandise that are the subject of this Complaint, has paid the liquidated duties, and is the real party in interest in this action.

5. Plaintiff timely protested the classification of its Subject Merchandise in liquidation in protest # 390120112217 on May 19, 2020.

6. The protest was denied by October 28, 2021.

## STATEMENT OF FACTS

7. The Subject Merchandise are 21-karat and 22-karat gold jewelry pieces totaling of 30,372 grams, which were a total of 6,025 pieces of necklaces, chains, earrings, bangles, bracelets, pendants, and rings.

8. The Subject Merchandise was manufactured in Oman.

9. The Subject Merchandise qualify as Omani originating goods under General Note 31 of the HTSUS, because the sum of the value of materials produced plus the direct costs of processing operations performed in Oman is not less than 35 percent of the appraised value of the good at the time of entry into the United States.

10. The Subject Merchandise was made in Oman from non-originating gold and copper.

11. The non-originating gold and copper was substantially transformed when the 24-karat gold bar was alloyed with copper to reduce the gold content down to 21- and 22-karat gold.

12. The change in alloy results in a new product that has a different character and use, which is imparted by the alloy's hardened state, which makes it suitable for use in jewelry.

13. A second substantial transformation occurred when the 21-karat and 22-karat gold alloy is further processed and manufactured into gold wire, castings, and stampings because

they are new and distinct commercial articles which are a necessary intermediary step in the process of creating the Subject Merchandise.

14. A third substantial transformation occurred when the Subject Merchandise was made from the wire, castings, and stampings.

15. The Subject Merchandise are properly classified under OM 7113.29.2500 and OM 7113.19.5090 at a free rate of duty.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court enter judgment in its favor, declaring that CBP improperly denied Plaintiff's protest; directing the appropriate Port Director of Chicago and/or Center for Excellence and Expertise to reliquidate the entries under HTSUS subheading OM 7113.29.2500 and OM 7113.19.5090, or such other provision as may be appropriate, and to refund to Plaintiff all excess duties, together with interest as required by law; and granting the Plaintiff such further and other relief as the Court shall deem just.

Dated: May 9, 2022                                          Respectfully submitted,

/s/ Jason P. Wapiennik

**GREAT LAKES CUSTOMS LAW**

By:   Jason P. Wapiennik
      32437 Five Mile Road
      Livonia, MI  48154
      P: (734) 855-4999
      F: (734) 619-6928
      jason@greatlakescustomslaw.com

**ATTORNEY FOR PLAINTIFF**