IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: HON. LEO M. GORDON, SENIOR JUDGE

| | |
|---|---|
| AAA JEWELERS INC.,<br><br>     Plaintiff,<br> v.<br><br>UNITED STATES,<br><br>     Defendant. | Court No. 22-00105 |

## ANSWER TO COMPLAINT

Pursuant to Rule 7(a) of the Rules of the United States Court of International Trade, the United States, defendant, responds to the allegations of the complaint of AAA Jewelers Inc. ("AAA"), plaintiff, as follows:

1. Admits that this action was commenced on April 5, 2022. Further admits that the remaining allegations in this paragraph are a statement of plaintiff's legal claims but denies their validity.

2. The allegations in this paragraph consist of legal argument and/or conclusions of law to which no response is required.

3. Admits.

4. Denies the allegation plaintiff is the "real party in interest in this action" for lack of knowledge or information sufficient to form a belief as to their truthfulness. Admits the remaining allegations in this paragraph.

5. Admits that plaintiff protested the classification of the subject merchandise in Protest No. 3901-20-112217 on May 19, 2020, but denies that the protest concerned the classification of the subject merchandise "in liquidation". The remaining allegations in this paragraph consist of legal argument and/or conclusion of law to which no response is required.

6. Admits that CBP denied Protest No. 3901-20-112217 on October 28, 2021.

7. Denies for lack of information or knowledge sufficient to form a belief as to the truthfulness of the allegation.

8. The allegation in this paragraph consists of legal argument and/or conclusions of law to which no response is required. To the extent this constitutes an allegation of fact, denies for lack of information or knowledge sufficient to form a belief as to the truthfulness of the allegation.

9. The allegations in this paragraph consist of legal argument and/or conclusions of law to which no response is required. To the extent they constitute allegations of fact, denies for lack of information or knowledge sufficient to form a belief as to the truthfulness of the allegations.

10. The allegations in this paragraph consist of legal argument and/or conclusions of law to which no response is required. To the extent they constitute allegations of fact, denies for lack of information or knowledge sufficient to form a belief as to the truthfulness of the allegations.

11. The allegations in this paragraph consist of legal argument and/or conclusions of law to which no response is required. To the extent they constitute allegations of fact, denies for lack of information or knowledge sufficient to form a belief as to the truthfulness of the allegations.

12. The allegations in this paragraph consist of legal argument and/or conclusions of law to which no response is required. To the extent they constitute allegations of fact, denies for lack of information or knowledge sufficient to form a belief as to the truthfulness of the allegations.

13. The allegations in this paragraph consist of legal argument and/or conclusions of law to which no response is required. To the extent they constitute allegations of fact, denies for lack of information or knowledge sufficient to form a belief as to the truthfulness of the allegations.

14. The allegations in this paragraph consist of legal argument and/or conclusions of law to which no response is required. To the extent they constitute allegations of fact, denies for lack of information or knowledge sufficient to form a belief as to the truthfulness of the allegations.

15. The allegations in this paragraph consist of legal argument and/or conclusions of law to which no response is required. To the extent they constitute allegations of fact, denies. Further denies that the last two digits of subheading 7113.29.2500 and subheading 7113.19.5090 are relevant, because they constitute a statistical suffix and are not part of 19 U.S.C. § 1202, the statute that sets forth the Harmonized Tariff Schedule of the United States.

WHEREFORE, defendant respectfully requests that judgment be entered dismissing this action, overruling plaintiff's claim, sustaining the decision of the appropriate U.S. Customs and Border Protection official and the assessment thereunder, and granting defendant such other and further relief as may be just and appropriate.

    Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

PATRICIA M. McCARTHY
Director

JUSTIN R. MILLER
Attorney-In-Charge
International Trade Field Office

<u>/s/ Aimee Lee</u>
AIMEE LEE
Assistant Director

<u>/s/ Elisa S. Solomon</u>
ELISA S. SOLOMON
Trial Attorney
Department of Justice, Civil Division
Commercial Litigation Branch
26 Federal Plaza – Suite 346
New York, New York 10278
(212) 264-0583

*Attorneys for Defendant*

August 5, 2022